UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA M. KING, <br><br> Plaintiff, <br> v. <br><br> NORTHWEST TRUSTEE SERVICES INC., et al., <br><br> Defendants. | CASE NO. C17-1448JLR <br><br> ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

The court has reviewed *pro se* Plaintiff Barbara M. King's complaint (Compl. (Dkt. # 3)) and finds that it inadequately demonstrates the court's subject matter jurisdiction. The "court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Although the court must liberally construe Ms. King's complaint because she is proceeding *pro se*, she "must allege facts that establish the court's subject matter jurisdiction." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The

ORDER - 1

court therefore ORDERS Ms. King to file a response within fourteen (14) days of the entry of this order providing further information as described below.

Ms. King asserts that the court's subject matter jurisdiction is based on federal question jurisdiction. (Compl. at 3.) Section 1331 provides that federal question jurisdiction exists when a plaintiff's claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[A] federal question [must be] presented on the face of the plaintiff's properly pleaded complaint."). Although Ms. King vaguely states that her constitutional rights have been violated, she does not identify—and the court cannot infer from the complaint—whether those constitutional rights arise from the federal constitution or the state constitution. (Compl. at 5.) Moreover, Ms. King asserts claims for fraud, negligence, and misrepresentation, all of which are state law claims. (*See id.* at 5.)

In addition, although she does not invoke diversity jurisdiction, the court notes that Ms. King also fails to provide a basis for that form of subject matter jurisdiction. Section 1332 provides that the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332. Federal diversity jurisdiction therefore requires complete diversity of citizenship between the parties—that is, each of the plaintiffs must be a citizen of a different state than each of the defendants. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Ms. King's complaint alleges that she is a citizen of Washington and that at least one defendant is a citizen of

//

Washington. (Compl. at 3-4.)  Thus, the complaint fails to demonstrate the requisite complete diversity of citizenship.

If subject matter jurisdiction is lacking, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, the court ORDERS Ms. King to provide additional information regarding the basis for the court's subject matter jurisdiction. Ms. King's response must be no longer than five (5) pages and filed within fourteen (14) days of the entry of this order. If Ms. King does not timely comply with this order or fails to demonstrate a basis for the court's subject matter jurisdiction, the court will dismiss this matter without prejudice. Any of the defendants may, but are not required to, respond to this order subject to the same deadline and page limitation.

Dated this 18th day of October, 2017.

JAMES L. ROBART
United States District Judge