UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA M. KING,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>NORTHWEST TRUSTEE<br>SERVICES INC., et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C17-1448JLR<br><br>ORDER REGARDING SUBJECT<br>MATTER JURISDICTION |

## I.　INTRODUCTION

Before the court are *pro se* Plaintiff Barbara M. King's and Defendants Select Portfolio Servicing, Inc. and Deutsche Bank, NTC's (collectively, "Defendants") responses to the court's order to show cause regarding subject matter jurisdiction. (Pl. Resp. (Dkt. # 13); Defs. Resp. (Dkt. # 14); OSC (Dkt. # 10).) The court has considered the responses, the relevant portions of the record, and the applicable law. Being fully advised, the court finds that it has subject matter jurisdiction over this matter.

## II. BACKGROUND & ANALYSIS

On October 18, 2017, the court reviewed Ms. King's complaint (Compl. (Dkt. # 3)), found that it inadequately alleged facts regarding the court's subject matter jurisdiction, and ordered Ms. King to show cause why this matter should not be dismissed for lack of subject matter jurisdiction (OSC at 1-3). The court acknowledged that Ms. King asserts that the court's subject matter jurisdiction is based on federal question jurisdiction. (*Id.* at 2 (citing Compl. at 3).) Although Ms. King vaguely states that her constitutional rights have been violated, she does not identify—and the court cannot infer from the complaint—whether those constitutional rights arise from the federal or the state constitution. (*Id.* (citing Compl. at 5).) Moreover, Ms. King asserts claims for fraud, negligence, and misrepresentation, all of which are state law claims. (*Id.* (citing Compl. at 5).)

In addition, the court noted that although Ms. King does not expressly invoke diversity jurisdiction, she also fails to provide a basis for that form of subject matter jurisdiction. (*Id.*) Ms. King's complaint alleges that she is a citizen of Washington and that Defendant Northwest Trustee Services, Inc. ("NWTS") is a citizen of Washington and therefore fails to demonstrate the requisite complete diversity of citizenship. (*Id.* (citing Compl. at 3-4).)

On October 30, 2017, Ms. King responded to the court's order by addressing the pleading standards under Federal Rule of Civil Procedure 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and arguing that she has sufficiently stated a claim for relief. (Pl. Resp. at 1-3.) That discussion is

1 | irrelevant, however, to whether the court has subject matter jurisdiction. *See, e.g.*, 28
2 | U.S.C. § 1331; *id.* § 1332; Fed. R. Civ. P. 12(b)(1).

Although Ms. King's submission still fails to provide a basis for the court's exercise of jurisdiction, Defendants contend that diversity jurisdiction exists. (Defs. Resp. at 1.) They argue that NWTS is "being replaced as the foreclosure trustee and even if NWTS'[s] citizenship were considered, it does not preclude jurisdiction because NTWS is a nominal defendant." (*Id.*; *see also* Memmott Decl. (Dkt. # 15).)

"A nominal defendant is a person who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotation marks omitted). "The paradigmatic nominal defendant" is a trustee joined "purely as a means of facilitating collection." *Id.* (internal quotation marks omitted). Here, NWTS, as the foreclosure trustee, is a nominal defendant, and Ms. King makes no substantive or specific allegations against NWTS. *See Prasad v. Wells Fargo Bank, N.A.*, No. C11-0894RSM, 2011 WL 4074300, at *2 (W.D. Wash. Sept. 13, 2011) ("Most courts that have considered the issue of whether a trustee under a deed of trust is a nominal defendant in an action challenging the foreclosure or threatened foreclosure of property have taken the position" that the trustee is nominal.); *see also id.* at *3 (stating that a trustee is not a nominal defendant when the plaintiff makes substantive allegations and asserts money damages against the trustee); *Beiermann v. JP Morgan Chase Bank Nat'l Ass'n*, No. C11-5952RBL, 2012 WL 1377094, at *3 (W.D. Wash. Apr. 19, 2012) (finding that the plaintiffs made specific factual allegations against the trustee); (Compl. at 4-5). The court therefore disregards

NWTS's citizenship in determining the court's jurisdiction. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of nominal or formal parties who have no interest in the action . . . ."). Because complete diversity exists and the amount in controversy exceeds $75,000.00, the court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332; (Compl. at 5 (alleging damages of $750,000.00).)

## III. CONCLUSION

For the foregoing reasons, the court finds that it has subject matter jurisdiction over this action.

Dated this 16th day of November, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 4